IN THE CIRCUIT COURT, SEVENTH
                              JUDICIAL CIRCUIT, IN AND FOR
                              ST. JOHNS COUNTY, FLORIDA

                              CASE NO.: **CA23-0021**
                              DIVISION: **55**

MARCUS ALLEN HOMES, INC.,

    Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY,

    Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW** Plaintiff, Marcus Allen Homes, Inc. (hereinafter "MAH"), by and through its undersigned counsel, and sues Defendant, Mid-Continent Casualty Company (hereinafter "Defendant"), and alleges as follows:

### JURISDICTION & VENUE

    1. The following cause of action is for damages in excess of $30,000, exclusive of costs, prejudgment interest, and attorneys' fees.

    2. Venue is proper in St. Johns County, Florida because the events or omissions giving rise to this cause of action occurred in St. Johns County, Florida.

    3. MAH is a Florida corporation with its principal place of business in Jacksonville, Duval County, Florida.

    4. Defendant is a foreign corporation authorized to conduct and conducting business in the State of Florida.

    5. This is an action for declaratory relief pursuant to Fla. Stat. § 86.011.

6. The Court has jurisdiction over the subject matter of this action and the parties to this action.

7. MAH has retained the undersigned counsel to represent it in this cause of action and is obligated to pay the attorneys' fees associated with this action.

## UNDERLYING CONSTRUCTION DISPUTE

8. On or around March 11, 2005, MAH entered into a contract (the "Contract") with Rick and Michelle Harrison whereby MAH would serve as the general contractor for the construction of a single-family residence located at 35 Roscoe Boulevard North in Ponte Vedra Beach, Florida (the "Project"). The Contract is attached hereto as **Exhibit A**.

9. MAH performed work on the Project in 2007 and 2008.

10. The Project was completed on or about March 26, 2008

11. On or around December 31, 2015, Dr. Rick K. Harrison and Mrs. Michelle Harrison ("Homeowners") served MAH with a Notice of Construction Defect Claim ("558 Notice"), pursuant to Chapter 558, Florida Statutes. The 558 Notice is attached hereto as **Exhibit B**.

12. Homeowners filed a Complaint (the "Complaint") on or about August 10, 2017, regarding the Project in St. Johns County, Florida under Case No.: 17-CA-0923. The Complaint forms the underlying pleadings and the allegations of same are incorporated herein by reference. A copy of the Complaint is attached hereto as **Exhibit C**.

13. The Complaint alleges the existence of defective work at the Project, including, but not limited to, defective installation by subcontractors of stucco, windows, roofing, and decks, all of which have resulted in damage to the Project. *See* **Exhibit C, Paragraph 5.**

14. The Complaint further alleges defective work has compromised the underlying structural integrity of the Project. *See* **Exhibit C, Paragraph 11.**

15. In addition to the defects and damages above, the Complaint alleges removal and replacement of non-defective work will be necessary to repair and replace defective work at the Project. *See* **Exhibit C, Paragraph 12.**

16. MAH maintained general liability insurance for its ongoing and completed operations on the Project.

17. MAH obtained coverage from Defendant from April 1, 2007 through April 1, 2012 (the "Coverage").

18. MAH timely placed Defendant on notice of the allegations in the Complaint requesting Defendant provide for the defense of MAH in the underlying action as well as indemnification for MAH's liability.

19. Via Certified Mail #7018-2290-0000-0532-5546, dated February 4, 2019, Defendant notified MAH of Defendant's denial of both coverage and defense for the underlying matter. *See* **Exhibit D.**

20. Defendant primarily cited the CC2294 endorsement to the polices in question which provides coverage will not sound for damage to Your Work, ". . . This insurance does not apply to: 1. Damage to Your Work – 'Property Damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

## INSURANCE POLICIES

21. Upon information and belief, the following insurance policies identified in the chart below were issued by the Defendant to MAH (hereinafter collectively the "Policies"). To the extent MAH is not in possession of said policies, MAH has requested said policies informally, but has not yet received a copy of same. However, MAH anticipates receiving full-certified copies of those

3

policies during discovery in this matter. Said policies are referenced below in bold. Defendant is in possession of each policy noted below.

| Named Insured | Carrier | Policy Type | Policy Number | Policy Start | Policy End |
|---|---|---|---|---|---|
| MAH | Mid-Continent | CGL | GL669048 | 04/01/07 | 04/01/08 |
| MAH | Mid-Continent | CGL | GL711003 | 04/01/08 | 04/01/09 |
| MAH | Mid-Continent | CGL | GL752270 | 04/01/09 | 04/01/10 |
| MAH | Mid-Continent | CGL | GL786377 | 04/01/10 | 04/01/11 |
| MAH | Mid-Continent | CGL | GL822771 | 04/01/11 | 04/01/12 |

<u>COUNT I</u>
(Action For Declaratory Relief against Defendant and Demand for Jury Trial)

22. MAH adopts by reference herein, the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. This Court has jurisdiction over this action for declaratory relief pursuant to Chapter 86, Florida Statutes, specifically §86.011, Florida Statutes.

24. MAH and Defendant have claims and/or interests that would be affected by the requested declarations.

25. MAH demands a jury trial, specifically as to this Count.

26. MAH is the named insured on Defendant's Policies.

27. MAH demanded but Defendant refused to defend MAH against the Complaint.

28. MAH contends that Defendant's policies provide coverage for, including, but not limited to, the following:

    a) MAH's liability; and/or

    b) MAH's legal expenses incurred in addressing the claims asserted in the Complaint.

29. MAH has complied with all conditions precedent to the filing of this lawsuit. To the extent that MAH has failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is immaterial as an immaterial breach of the subject contracts of insurance as such claims were or would have been denied by Defendant. Alternatively, Defendant waived any such conditions and/or is estopped from asserting any defenses related to conditions precedent. More specifically, MAH has plainly given notice of all claims which are the subject of this lawsuit to Defendant and/or its designated agents.

30. Defendant consented to MAH's participation in the 558 process. Alternatively, to the extent that Defendant did not consent to the 558 process, Defendant waived consent and/or is estopped from asserting any defenses related to consent.

31. Defendant is liable for any attorneys' fees or costs taxed against MAH by Homeowners should Homeowners prevail in the Complaint. Defendant has denied its responsibility for same.

32. As such, an actual controversy exists between Defendant and MAH. MAH is in doubt as to its rights, duties, and obligations owed to it pursuant to the Coverage, and the applicability of the Coverage to the damages as alleged in the Complaint, including, but not limited to, the scope of coverage available to MAH and/or whether the damages sustained constitute a covered loss under the Coverage. Thus, MAH is in need of and is entitled to a judicial declaration of its rights regarding the same.

33. More specifically, MAH believes Defendant owes MAH a complete defense and reimbursement as to the Complaint under the Coverage because:

    a) All subcontractors utilized by MAH on the Project are independent contractors and any work performed by these subcontractors is not "your

work" as defined in the Policies and interpreted by Florida Law. Any liability on the part of MAH is thus covered under the policy and MAH is owed both defense and coverage in the underlying matter;

b) MAH did not self-perform any work on the Project;

c) The Complaint contains allegations of defective workmanship performed by MAH, and alleges damages to the work or materials resulting from work other than MAH's;

d) The Complaint alleges that certain portions of non-defective work will have to be removed in order to repair the damage done by the allegedly defective work, thus property damage other than the work done by both MAH and MAH's subcontractors is directly alleged;

e) The damages in the Complaint constitute an "occurrence" under the Coverage; and

f) The allegations of the Complaint do not fall within any exclusions and/or limitations in the Coverage.

34. Additionally, to the extent the facts necessary to determine indemnity obligations in the Complaint, as well as certain indemnity related issues that are not fact dependent, such as trigger, MAH requests a declaration as to the duty to indemnify.

35. MAH has been required to retain the undersigned and is obligated to pay them a reasonable fee for their services. MAH claims its attorneys' fees, legal assistant fees, and costs pursuant to Fla. Stat. §627.428, §57.104, §57.041, and/or §626.9373, are applicable to this litigation.

36. It is also requested that this Court retain jurisdiction for supplemental relief pursuant to §86.061 Florida Statutes. Said supplemental relief may include, but not be limited to, claims for damages and/or bad faith as appropriate and any determinations relative to for MAH's contractual liability claims and/or the scope of coverage available to the named insured.

37. All parties having an interest in the declarations sought and all other persons having interest therein or adversely affected are joined in this action.

**WHEREFORE**, Plaintiff, Marcus Allen Homes, Inc., respectfully requests that this Honorable Court declare the rights of the parties as follows:

a) That this Court has jurisdiction over the subject matter;

b) That this Court has jurisdiction over the parties in this matter;

c) That the Mid-Continent Casualty Company Policies were in full force and effect at all times relevant to the loss;

d) That the Mid-Continent Casualty Company Policies provide coverage for MAH's liability;

e) That the Mid-Continent Casualty Company Policies provide coverage for MAH's legal expenses incurred in addressing the claims asserted in the Complaint;

f) That no exclusions or other limitations of coverage contained in the Mid-Continent Casualty Company Policies are applicable to the loss;

g) That Mid-Continent Casualty Company owes attorneys' fees and costs pursuant to Florida Statutes §§627.428, 57.104, 57.041 and/or 626.9373;

h) That MAH is entitled to pre-judgment interest;

i) That MAH is entitled to post-judgment interest;

j) That this Court retain jurisdiction to grant supplemental relief pursuant to §86.061, Florida Statutes, including, but not limited to, claims for damages and/or bad faith, as appropriate, and any determinations relative to coverage for MAH's contractual liability claims and/or the scope of coverage available to the named insured; and

k) Grant all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff, Marcus Allen Homes, Inc. hereby demands trial by jury as to all claims and issues for which a right to jury trial exists.

Dated: January 10, 2023

**BACHARA CONSTRUCTION LAW GROUP, P.A.**

By: */s/ Henry G. Bachara, Jr.*
Henry G. Bachara, Jr.
Florida Bar No. 653853
Todd A. MacLeod
Florida Bar No. 99535
One Independent Drive, Suite 1800
Jacksonville, FL 32202
cbachara@bacharagroup.com
tmacleod@bacharagroup.com
dmcgovern@bacharagroup.com
hbranscome@bacharagroup.com
(904) 562-1060
(904) 562-1061 FAX
*Attorneys for Plaintiff*